UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA NELSON, | No. 2:15-cv-2006 CKD |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER McFALL, et al., | |
| Defendants. | |

Plaintiff's motion for summary judgment came on regularly for hearing on August 20, 2016. David Rose appeared for plaintiff. Armando Mendez appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS[1]:

In this case predicated on diversity jurisdiction, plaintiff alleges that defendants breached their obligation to repay a promissory note in the amount of $150,000. See ECF No. 18 at p. 10, Plaintiff's Exh 2. The money was originally loaned to defendants in May, 2005 with a maturity date five years later, with the agreement that the note could be extended for five years.[2] In lieu of paying simple interest at 4% per annum ($500 per month), defendants had the option of waiving

---

[1] The parties have consented to magistrate judge jurisdiction. ECF Nos. 10 and 11.

[2] The note was extended for five years and thus became due on May 1, 2015.

1  training fees for two of plaintiff's horses.  Plaintiff alleges that defendants failed to timely repay
2  the note.
3  　　　　Plaintiff moves for summary judgment.  Summary judgment is appropriate when it is
4  demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to
5  judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be
6  disputed must support the assertion by "citing to particular parts of materials in the record,
7  including depositions, documents, electronically stored information, affidavits or declarations,
8  stipulations (including those made for purposes of the motion only), admissions, interrogatory
9  answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).
10  　　　　Summary judgment should be entered, after adequate time for discovery and upon motion,
11  against a party who fails to make a showing sufficient to establish the existence of an element
12  essential to that party's case, and on which that party will bear the burden of proof at trial.  See
13  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an
14  essential element of the nonmoving party's case necessarily renders all other facts immaterial."
15  Id.
16  　　　　If the moving party meets its initial responsibility, the burden then shifts to the opposing
17  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
18  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
19  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
20  of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
21  and/or admissible discovery material, in support of its contention that the dispute exists or show
22  that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.
23  R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
24  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
25  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
26  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
27  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
28  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

Plaintiff contends that under the unambiguous terms of the note, defendants are in default because they failed to pay $150,000 to plaintiff when the note matured on May 1, 2015. Plaintiff contends that this interpretation of the note is confirmed by subsequent conduct of the parties because defendant's accounting manager, David Chang, in an email to plaintiff in 2009, tried to modify the terms of the note by proposing that the monthly credits for training fees be used to amortize the note. David Chang also conceded in an email in June, 2009 that the amount due on the note was still $150,000 despite the fact that defendants had been waiving training fees since inception of the note and those fees exceeded the simple interest of 4%.[3]

---

[3] Defendants object to plaintiff's evidence. Defendants' objection on the basis of lack of foundation to plaintiff's statement that defendants' business was subject to turbulent cash-flow issues is sustained. Defendants' remaining objections are overruled.

Defendants argue that the terms of the note are subject to an interpretation that if defendants waived monthly training fees for two horses, the value of the training fees which exceeded $500 would reduce the principal amount. This argument is unavailing. The plain language of the promissory note nowhere suggests that training fees can be used to reduce the principal.[4] The note specifically requires payment of a lump sum principal of $150,000 upon maturity of the note. The language of the note also states that "in lieu of simple interest payment" defendants have the "option to waive the monthly training fees for two (2) of [plaintiff's] horses." In interpreting the language of the note, both of these terms must be given meaning. Defendants submit their own declarations regarding their intent in entering into the promissory note. The extrinsic evidence submitted by defendants, however, must "support a meaning to which the language of the instrument is reasonably susceptible." See Pacific Gas & Electric Co. v. Zuckerman, 189 Cal. App. 3d 1113, 1141 (1987). Given the plain language of the note, it is not reasonably susceptible to the meaning advanced by defendants.

Defendants also argue that because the value of the training far exceeded the $500 simple interest,[5] the note was unlawful because defendants were paying an effective 18 % interest rate and that such a rate is usurious and unlawful under the California Constitution, article XV, section 1.[6] There is no dispute that defendants had the option of paying a simple interest rate of 4%,

---

[4] Defendants also argue that it would make no economic sense to provide training services far in excess of the $500 simple interest per month if the training services were not being used to reduce the principal. The court will not speculate as to the reasons why defendants chose the option of paying interest by waiving training fees for two horses but notes there was obvious economic advantage to defendants in receiving the full retail rate for training fees for several of plaintiff's other horses which were maintained at defendants' place of business.

[5] Plaintiff testified that the out-of-pocket expenses for two horses at the time the agreement was made was in the range of $400-$500. ECF No. 20-5 at p. 20:19-20. There is no record evidence of the actual costs of providing the training. The only evidence submitted by defendants in this regard is the retail amount charged to clients, not the actual cost of providing the services for which fees were waived.

[6] For loans made for goods used primarily for personal, family or household purposes, an interest rate exceeding 10% is usurious. Cal. Const. Art. 15, § 1(1). The purpose of the loan at issue was for the purchase of real property on which defendants intended to build a home and farm for their horse business. Section 1(2) provides for a different rate for loans made for the purchase of real property. See Cal. Const. Art. 15, § 1(2) ("For any loan or forbearance of any money, goods, or

which is far below the usurious rate.  Where the excessive interest is caused by a contingency under the debtor's control, the transaction will not be deemed usurious.  See <u>Sharp v. Mortgage Security Corp.</u>, 215 Cal. 287, 291 (1932); <u>Southwest Concrete Products v. Gosh Construction Corp.</u>, 51 Cal. 3d 701, 714 (1990); <u>see also</u> <u>Lakeview Meadows Ranch v. Bintliff</u>, 36 Cal. App. 3d 418, 423 (1973) ("if a contract is subject to two constructions, one of which will render it usurious and one which will render it lawful, the courts will give the contract such construction as will render it lawful, in the absence of evidence requiring the contract to be construed as usurious.").  The promissory note is accordingly not usurious.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted; and

2. Judgment is entered for plaintiff in the amount of $150,000 against defendants.

Dated:  July 22, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 nelson2006.57

---

things in action for any use other than specified in paragraph (1), at a rate not exceeding the higher of (a) 10 percent per annum or (b) 5 percent per annum plus the rate prevailing on the 25th day of the month preceding the earlier of (i) the date of execution of the contract to make the loan or forbearance, or (ii) the date of making the loan or forbearance established by the Federal Reserve Bank of San Francisco on advances to member banks under Sections 13 and 13a of the Federal Reserve Act as now in effect or hereafter from time to time amended (or if there is no such single determinable rate of advances, the closest counterpart of such rate as shall be designated by the Superintendent of Banks of the State of California unless some other person or agency is delegated such authority by the Legislature").  Defendants adduce no evidence of the properly calculated rate under this subdivision.