Armando S. Mendez
State Bar No. 203909
1231 8th Street, Suite 600
Modesto, CA 95354
Tel: 209-622-0600
Fax: 916-405-3554

Attorney for Defendants Jennifer McFall and Earl McFall

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA NELSON | Case No:  2:15-CV-02006-MCE-CKD |
| Plaintiff, | **DEFENDANTS JENNIFER MCFALL AND EARL MCFALL's RESPONSE TO REQUEST FOR EVIDENTIARY HEARING** |
| vs. | |
| JENNIFER MCFALL AND EARL MCFALL | |
| Defendants | **Date: June 7, 2017**<br>**Time: 10:00 a.m.**<br>**Courtroom: 24** |

## I.
## INTRODUCTION

The Plaintiff in this case asserts claims against non-parties ANTONIA RADILLO CASADOS ("Casados") and DAVID CHANG ("Chang") regarding the recording of a Deed of Trust based on a Promissory Note secured by a Deed of Trust dated October 13, 2013, which predates this litigation.  In contrast, Sandra Nelson's action and subsequent judgment is based on a breach of an unsecured Promissory Note.  The Plaintiff's Promissory Note does not contain the word "secured" nor does it mention the current property address of 13247 Orange Rd., Wilton, CA 95693.  It was not until the underlying judgment was recorded with the county that it alleges to be secured.  Defendants (Earl and Jennifer McFall) have another judgment against them, from a separate matter, that was never recorded with the county and that judgment is unsecured.

There is nothing stated in the Motion or the Memorandum of Points and Authority that brings Casados into this case.  The Plaintiff has not provided any mechanism under which this court has jurisdiction over Casados.  This third party has never been served, nor has filed any documents in this case.  If the Plaintiff wishes to challenge Casados' rights then a separate litigation would seem appropriate. Similarly, Chang is also not a party in this matter.  Chang only provided a declaration opposing the Motion for Summary Judgment.  Again, if the Plaintiff wishes to attack third parties, a separate litigation should be pursued.  The court simply does not have jurisdiction over Casados or Chang. The Plaintiff is attempting to use the current litigation to draw in non-parties to this action.

## II.

## PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING RE: EXECUTION OF JUDGMENT

Plaintiff seems to be claiming that the recording of a Deed of Trust for a Promissory Note secured by a Deed of Trust prior to the Plaintiff's judgment being recorded was improper.  In the Defendants' bankruptcy proceeding, the Plaintiff was provided documentation supporting the fact that Casados lent money for barns and other fixtures prior to October 2013.  Further, the Defendants have provided testimony in their bankruptcy proceeding that Casados was a long time client and business associate of theirs who lent them funds to improve the property on Orange Rd.  Despite this knowledge Plaintiff is asking the court to determine the rights of Casados when she is not a party to this litigation. There is nothing in the motion that supports the notion of the court having jurisdiction over non-parties in this case.

/ / / /

/ / / /

/ / / /

DEFENDANTS JENNIFER MCFALL and EARL MCFALL's RESPONSE TO REQUEST FOR EVIDENTIARY HEARING

**III.**

**PLAINTIIFF'S**
**MEMORANDUM OF POINTS AND AUTHORITY**

Plaintiff's motion states that the both of Defendant's bankruptcies were dismissed. Plaintiff fails to explain that those cases were dismissed without prejudice due to the findings of the court that the unsecured debt exceeded the allowed debt limits under the current codes.

Plaintiff's motion attempts to label a relationship between Chang and Casados which has not been established.  The Defendants have testified that Chang and Casados are long term friends, but so are the Defendants and Casados.  Defendants had a Promissory Note secured by a Deed of Trust with Casados for moneys borrowed from 2008 to 2009 which was memorialized in the 2013 Promissory Note. Defendants had no knowledge that Nelson's 2005 Promissory Note was secured by the subject real property.  It wasn't until the Plaintiff's judgment was recorded that the Defendant had actual knowledge that the judgment would be secured.  The Plaintiff's underlying note was unsecured and made no reference to a Deed of Trust, nor the real property on Orange Rd.

**CIVIL CODES SECTIONS 1107 AND 1214**

Civil Code Sections 1107, 1214 and the sections in the relative articles are applicable. According to Section 1214, if the Plaintiff had wanted to preserve her position, she should have filed a Notice of Action/Lis Pendens in this action pursuant to California's statutory scheme. *Code of Civil Procedure 405.20*. "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged. The notice may be recorded in the office of the recorder of each county in which all or part of the real property is situated."  There is nothing that shows a Lis Pendens was filed in this case.

DEFENDANTS JENNIFER MCFALL and EARL MCFALL's RESPONSE TO REQUEST FOR EVIDENTIARY HEARING

Further there is no factual allegation in the complaint that the Promissory Note was secured by the real property on Orange Rd.  If in fact, the action as filed by Nelson was intended to secure her rights in the Orange Rd. property then the action is governed by the longstanding principal that there can be only one form of judgment to secure indebtedness on real property. *Code of Civil Procedure 726.*  Having elected only to pursue a simple enforcement action on a promissory note Nelson obtained her security on the real property on Orange Rd. only after recording an abstract of judgment and not before.  Thus, the first filing is the order by statute.

Plaintiff Nelson attempts to turn the race notice rules on their head by asserting that all parties involved had notice that "Nelson had a prior created interest in the real property" in 2005 and therefore any subsequent recording are void as to Nelson.  Plaintiff Nelson attempts to argue that Casados is not a bona fide purchaser for purposes of the statute and therefore Nelson should have priority over Casados.  Nelson attempts to apply the statutory language of section 1107 and 1214 as a sword rather than as a shield as intended by the wording of the statutes.   In other words, if Nelson proves that Casados is not a bona fide purchaser Nelson's claim automatically takes priority despite that the Promissory Note is not an instrument that conveys, transfers or relates in any way to the real property.  Nothing in the language of section 1107 and 1214 allows an unsecured promissory note to be construed as an "instrument" that conveys or transfers title to real property.  Further, the subsequent judgment fails to meet this threshold.  "[A]ppellant, being neither a bona fide purchaser or mortgagee, must have obtained a judgment affecting the title to property in question in order to claim any benefit under section 1214 of the Civil Code." *Bank of Cottonwood vs. Henriques, 91 Cal. App. 88, 1928.*

*Hockhstein v. Romero (1990) 219 Cal. App. 3d 447*, is a case dealing with an improperly recorded abstract of judgment and constructive notice of such judgment to a subsequent

purchaser. The court applied the race notice statutes as a shield protecting a subsequent bona fide purchaser from a claim of a judgment creditor.  The subsequent bona fide purchaser paid consideration and recorded its deed first in time. The *Hockhstein* court did not apply the race notice statutes as a sword, in order to create rights of a creditor where they do not otherwise exist, as Nelson attempts to do.

Plaintiff is treating Casados as if she was part of this litigation and she was not.  The 2005 Promissory Note was an unsecured note, so even if Casados had notice of that note, that information changes nothing since the Defendants' note with Casados stated that is was secured with a Deed of Trust.  Further, unlike the Plaintiff's unsecured note, the Casados note lists the Orange Dr. address and identifies that address as the security.

*Gates Rubber Co. V. Ulman (1989) 214 Cal. App. 3d 356* is a case dealing with the execution of an unrecorded option contract dated March 18, 1963. This case has nothing to do with the matter at hand.  Since the underlying Plaintiff's Promissory Note was unsecured and since not everyone records a judgment with the county, neither the Defendants nor Casados would have had neither actual, nor constructive notice that this judgment would eventually be recorded against the property.

Plaintiff asserts that if necessary, she will pursue to avoid the Deed of Trust pursuant to the Fraudulent Conveyance Act, Civil Code 3439.  Plaintiff fails to analyze how this law helps her.  However, Civil Code 3439 necessarily raises similar issues of good faith and value received and ultimately the rights of Casados. *Civil Code Section 3409.08.*  Plaintiff has both documentation, including copies of checks, check ledgers and sworn testimony that the funds were borrowed from the non-party person Casados in the 2008 and 2009 time frame to put improvements on the property, including the main barn.  The recording of the Deed of Trust was

to correct the oversight of not recording the Deed of Trust back in 2013 when the Promissory Note was signed.  Nelson's unsecured Promissory Note did not create an interest in the real property on Orange Rd. and was never recorded.  It therefore could not have provided notice to anyone pursuant to the race notice statutes or the Fraudulent Conveyance Act.

## IV

## CONCLUSION

This matter should be dismissed with prejudice since the court lacks jurisdiction over Casados and Chang. Further, there is nothing in the cited authority that allows Plaintiff to use the race notice statutes to create rights where none exist.  Nelson's Promissory Note and subsequent judgment did not create a secured right in the real property until the abstract of judgment was recorded.  It is undisputed that Casados recorded first in time. If the court elects to pursue this matter, then the Defendant pray for a ruling that the recorded Deed of Trust based on a Secured Note, since it was filed prior to the judgment of the Plaintiff which was based on an unsecured note, be confirmed as having the higher priority.

Dated_May 31, 2017_                     Signed:/s/ Armando S. Mendez

                                        Armando S. Mendez